UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEMETRIA SMITH AND CHARLENE WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 10-2128 |
| KMART CORPORATION, d/b/a KMART STORE #4801, AND SEARS HOLDING CORPORATION | SECTION: J(5) |

**ORDER**

Before the Court is Plaintiff, Demetria Smith, ("Smith")'s Motion to Reopen Case **(Rec. Doc. 12)** and Defendants' Opposition **(Rec. Doc. 14)** to same. Having considered the parties' briefing, the record, and the applicable law, the Court finds, for reasons discussed more fully below, that Smith's Motion to Reopen should be **DENIED**.

In her motion, Smith seeks to reopen a case previously filed and voluntarily dismissed by Smith and her former co-worker Charlene Williams ("Williams"), in order to pursue a malicious prosecution claim against Kmart Corporation ("Kmart") and Sears Holding Corporation ("Sears") (collectively "Defendants"). Smith and Williams, two former Kmart employees, were terminated and

criminally charged with theft of goods under $300 after a Kmart loss prevention manager allegedly observed them on camera shoplifting while at work. Following the incident, Smith and Williams filed suit in this Court on July 29, 2010 against Kmart and Sears asserting claims for malicious prosecution, false arrest, and defamation under Louisiana law. Smith and Williams voluntarily dismissed their claims against the Defendants on November 17, 2010 on the grounds that their malicious prosecution claims were not yet ripe, because the state criminal proceedings had not yet reached an ultimate resolution in plaintiffs' favor. On October 6, 2011, a jury convicted Williams of the theft charges and acquitted Smith. On October 9, 2012, Smith filed the instant Motion to Reopen the case to prosecute only her malicious prosecution claim in light of her acquittal in the state criminal proceedings.

When the Court granted plaintiffs' motion to voluntarily dismiss the case on November 17, 2010, that dismissal deprived the Court of any further jurisdiction over that case and the claims asserted therein. After the dismissal, the proper procedural vehicle for Smith to assert her malicious prosecution claim following the termination of the state criminal proceedings in her favor was a new complaint, not a motion to re-open the previously dismissed case. Offbeat, Inc. v. Cager, 94-2796, 1997 WL 83140 (E.D. La. Feb. 26, 1997) (citing Wright & Miller, Federal Practice and Procedure: Civil 2d § 2367 at 319 (1995)).

Furthermore, even if the Court ignores the procedural defect and construes Smith's Motion to Reopen as a re-filing of her

malicious prosecution claim, that claim is time-barred.  When a party voluntarily dismisses her case without prejudice, it is considered as if the suit was never filed; the statute of limitations is not tolled; and a court may not reinstate the case if the statute of limitations has run since the dismissal. Chiles v. Stephens, 87-1942, 1994 WL 150733, at *3 (E.D. La. Apr. 8, 1994) (citing Ford v. Sharp, 758 F.2d 1018, 1023-24 (5th Cir. 1985)).  Under Louisiana Civil Code Article 3492, Smith's malicious prosecution claim accrued when she was acquitted of theft charges on October 6, 2011, giving her one year from that date to file re-file suit and assert her claim.  Because 2012 was a leap year, Smith had until October 5, 2012 to re-file her claim.  See Peters v. Transocean Offshore, 00-0944, 2000 WL 1876097 (E.D. La. Dec. 22, 2000); Assaleh v. Sherwood Forest Country Club, Inc., 2007-1939 (La. App. 1 Cir. 5/2/08); 991 So. 2d 67.  Thus, when Smith filed the instant Motion to Reopen (Rec. Doc. 12) on October 9, 2012, her malicious prosecution claim was prescribed.  Accordingly,

**IT IS HEREBY ORDERED** that Smith's Motion to Reopen **(Rec. Doc. 12)** is **DENIED.**

New Orleans, Louisiana this 26th day of October, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE